Matter of Lee (2020 NY Slip Op 01617)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Lee

2020 NY Slip Op 01617

Decided on March 11, 2020

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
LEONARD B. AUSTIN, JJ.


2019-04107

[*1]In the Matter of Michael-Hyun W. Lee, admitted as Hyun W. Lee, a suspended attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Michael-Hyun W. Lee, respondent. (Attorney Registration No. 4145728)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. By decision and order on motion dated August 21, 2019, this Court immediately suspended the respondent from the practice of law, pursuant to 22 NYCRR 1240.9(a)(5), upon a finding that he was guilty of professional misconduct immediately threatening the public interest based upon uncontroverted evidence of professional misconduct. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on September 17, 2003, under the name Hyun W. Lee.

Diana Maxfield Kearse, Brooklyn, NY (Kathryn Donnelly Gur-Arie of counsel), for petitioner.
Michael S. Ross, New York, NY, for respondent.

PER CURIAM.


OPINION & ORDER
On April 25, 2019, the Grievance Committee for the
Second, Eleventh, and Thirteenth Judicial Districts personally served the respondent with a notice of petition and a verified petition, both dated April 18, 2019, and duly filed those papers with this Court together with an affidavit of service. The petition contains five charges alleging, among other things, that the respondent engaged in a pattern and practice of misappropriating client and third party funds with respect to seven client matters (charge one); breached his fiduciary duty, as evidenced by a negative balance in his escrow account on 22 occasions (charge two); engaged in a pattern and practice of issuing escrow checks without corresponding funds on deposit in that account (charge three); commingled personal funds with client funds in his escrow account (charge four); and failed to maintain the required bookkeeping records in relation to his escrow account (charge five), in violation of rules 1.15(a), and 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), respectively. The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the notice of petition and the verified petition. Pursuant to a stipulation signed by counsel to the parties, the respondent's time to answer the verified petition was extended until June 5, 2019. To date, the respondent has neither served nor filed an answer to the verified petition.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default and to impose such discipline upon him as this Court deems [*2]appropriate. The motion papers were served by mail upon the respondent's counsel on July 17, 2019. In response, the respondent's counsel submitted an affidavit stating that the respondent does not oppose the motion.
Accordingly, the Grievance Committee's motion to deem the charges of the verified petition dated April 18, 2019, established is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and AUSTIN, JJ., concur.
ORDERED that the Grievance Committee's motion to deem the charges in the verified petition dated April 18, 2019, established is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Michael-Hyun W. Lee, admitted as Hyun W. Lee, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Michael-Hyun W. Lee, admitted as Hyun W. Lee, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Michael-Hyun W. Lee, admitted as Hyun W. Lee, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another; (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority; (3) giving to another an opinion as to the law or its application or any advice in relation thereto; and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Michael-Hyun W. Lee, admitted as Hyun W. Lee, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and AUSTIN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court